# Wilhoit et al. v. Cundiff.

June 9, 1942.

Charles F. Montgomery and E. C. Moore for appellants.

Oliver Popplewell and Walker & Walker for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the question of whether or not the appellee, E. L. Cundiff, former sheriff of Casey County, deposited $745.73 in his tax account in the now defunct Commercial Bank at Liberty on October 26, 1939. Nine members of the jury found in favor of Cundiff; hence this appeal.

Reversal is urged upon the grounds that (1) the court erred in overruling the bank liquidator's motion to transfer the case to the equity docket; and (2) the verdict is not sustained by the evidence and is flagrantly against it and the appellant's motion for a directed verdict should have been sustained.

The motion to transfer to the equity docket was made the day of the trial. In substance, the petition showed that Cundiff was asserting that he was entitled to a credit of $745.73 because of an entry in his deposit

book of October 26, 1939, and that the F. D. I. C. and the bank liquidator had refused to satisfy his claim. The appellants denied the material allegations of the petition and that the claim was a just one. It can be seen that the pleadings presented no complicated issues, but rather, the sole question as to whether the alleged deposit was made as claimed. The rule is that, before an action properly commenced at law can be transferred to the equity docket, under Subsection 4, Section 10 of the Civil Code of Practice, because of the complicated nature of the action, the pleadings must show the complication. The right to such a transfer is determinable exclusively on the pleadings. Insurance Co. of North America v. Creech Drug Store, 256 Ky. 56, 75 S. W. (2d) 552, and Commercial Union Assur. Co. v. Howard, 256 Ky. 363, 76 S. W. (2d) 246. As indicated above, the pleadings in the case at bar showed no complication which would have warranted the transfer of the case to the equity docket. This brings us to the question of whether the appellants were entitled to a directed verdict.

That the case is a close one is indicated by the fact that only nine members of the jury signed the verdict. The appellants presented an array of figures developed from analyses of the tax records in Cundiff's office and the records in the bank to show that the claimed deposit was never made. There was also the testimony of the officer of the bank who said that he made the questioned entry in Cundiff's passbook and that he made the other entries therein. This officer said that he could not recall the circumstances as to the making of the deposit except to say that it was not all in cash. Frankly, we are not particularly impressed with Cundiff's testimony, because, on cross-examination, he gave several versions of how he made the deposit. His story changed in several respects. Whether he was deliberately telling an untruth, or whether, finding himself confronted with the array of figures presented by the appellants and being unable to remember all of the details of the numerous financial transactions handled through his office, he was seeking to present the most plausible picture possible, is unknown to us; but as said in Crowe v. Miller, 239 Ky. 444, 39 S. W. (2d) 693, the fact that a witness' evidence on cross examination is in conflict with his direct testimony goes to his credibility and is therefore determinable by the jury. See, also, Staples v. Continental Ins. Co. of New York, 223 Ky. 842, 5 S. W. (2d) 265.

In our opinion the strongest evidence for Cundiff is the entry of the $745.73 credit in his passbook on October 26, 1939. We have noted that an official of the bank said that the entry was in his handwriting and that his only recollection of the transaction was that the deposit was not all in cash. The officer who stole some $50,000 from the bank, thereby causing it to close, was in charge of the bank's records. No entry was made therein of the deposit in question. This officer of the bank did not testify. There was testimony that some of the deposit slips and some of the bank records were found at the place of business of the defaulting officer. The inferences to be drawn from this state of affairs clearly are favorable to Cundiff. Under the circumstances, it is obvious that it would take clear and convincing proof to show that the bank's records reflected the true condition of its affairs and those of its depositors. With this background the jury had before it the entry of the questioned deposit in Cundiff's passbook and the testimony of an officer of the bank that the entry was made in his handwriting. Certainly we would not be justified under these facts and circumstances in saying that there is not sufficient evidence of substantial and probative value to uphold the verdict. This we say, notwithstanding our view that the preponderance of the evidence is in favor of the appellants. But as said in Pearl Packing Company v. Ransdell, 285 Ky. 456, 148 S. W. (2d) 350, the mere fact that the verdict is contrary to the preponderance of the evidence will not warrant its reversal. The test is as set forth in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, that it is supported by evidence of probative value and of a substantial nature.

Judgment affirmed.