**ERNEST ʊ. MOORE.**

Court of Appeals of Kentucky.
March 13, 1953.

Henry J. Burt, Jr., Louisville, for appellant.

Cohen & Jenkins, Louisville, for appellee.

CULLEN, Commissioner.

Morris Ernest appeals from a judgment against him in the amount of $750, in fa-

348

vor of Owen Moore, for personal injuries sustained by Moore when he scratched or cut his leg on a nail sticking out of a lettuce crate on the sidewalk in front of Ernest's produce market in Louisville.

■ The sole contention of the appellant is that the evidence does not support a judgment against him personally, because it does not establish that he, rather than one of the employes of the market, was responsible for the position and condition of the lettuce crate. Liability under the doctrine of respondeat superior, for negligence of one of the employes of the market, could not be imposed upon Ernest personally, because his business was incorporated.

■ Both Moore and his son testified positively that they saw Ernest put the lettuce crate out on the sidewalk, remove the lid with a hammer, and pound some of the nails with the hammer. Moore further testified that immediately after the accident Ernest said that he personally had pounded down the nails in the crate. Another witness testified that he saw Ernest putting out lettuce crates that morning, and removing the top from a crate immediately before the accident, but he would not say positively that he saw Ernest handling the particular crate that caused the injury.

Obviously, this evidence was sufficient to support a finding that Ernest individually committed the alleged negligent act. The argument of the appellant seems to be that the testimony of Moore and his witnesses was so discredited on cross-examination as to destroy its probative force.

■ The trial in question was the third trial of the case, the first trial having resulted in a mistrial, and the verdict on the second trial having been set aside as excessive. On cross-examination of Moore and his witnesses the appellant read excerpts from their testimony on the previous trials, in an effort to show that in their previous testimony they said they did not know whether Ernest or one of the employes of the market had put out the crate and removed its top. The witnesses admitted giving the testimony, but endeav-

ored to explain that their lack of knowledge as to who was handling the crates referred to activities at a time prior to the accident, when Moore and his son had passed Ernest's market on their way to another market.

While we think that the cross-examination did bring out material contradictions in the testimony of Moore and his witnesses, their credibility was for the jury, and their testimony cannot be entirely discarded merely because of the contradictions. Wilhoit v. Cundiff, 291 Ky. 99, 163 S.W. 2d 280; Southern Oxygen Co. v. Martin, 291 Ky. 238, 163 S.W.2d 459; Short Way Lines v. Sutton's Adm'r, 291 Ky. 541, 164 S.W.2d 809.

The judgment is affirmed.